NOT DESIGNATED FOR PUBLICATION

No. 119,843

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEVEN HERNANDEZ,
*Appellant*,

v.

DOUGLAS BURRIS, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed December 6, 2019. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Sherri Price*, special assistant attorney general, of Lansing Correctional Facility, for appellees.

Before GARDNER, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Steven Hernandez, an inmate at the state prison in Lansing, filed a petition for habeas corpus relief in the Leavenworth County District Court to recover $5.40 he paid in postage to have a magazine a prison employee confiscated as likely contraband sent from the prison to the Department of Corrections headquarters in Topeka as part of an administrative review he requested. The official conducting the review determined the issue of Men's Fitness magazine did not contain sexually explicit material in violation of prison regulations and had been improperly seized; the official directed that the magazine be delivered to Hernandez. After unsuccessfully pursuing a departmental claim for reimbursement of the $5.40, Hernandez filed a petition under

1

K.S.A. 60-1501 on the grounds the failure to reimburse him amounts to a constitutional due process violation. The district court held a hearing and denied Hernandez relief. Hernandez has appealed.

Under K.A.R. 44-12-313, prison inmates may not possess sexually explicit materials, as defined in that regulation. And under K.A.R. 44-12-601 (2017 Supp.), prison employees screen mail sent to inmates for such materials and confiscate items that appear to violate the regulation. Inmates are given notice that incoming mail has been confiscated and may request an administrative review of the seizure. They must pay the postage to have the seized materials sent from the prison to the department's offices in Topeka for review. As provided in K.A.R. 44-12-601(f)(3) (2017 Supp.), indigent inmates do not have to pay the postage in advance to obtain an administrative review. Hernandez does not claim to be indigent and paid $5.40 to have the magazine sent to Topeka. The regulations do not provide for reimbursement of the postage if the inmate's challenge is successful. And Hernandez has not recouped the postage.

This case is a companion to five other 60-1501 actions Hernandez filed in the district court contesting the confiscation of various publications mailed to him. Prison employees concluded they contained sexually explicit materials. Hernandez lost his administrative challenges to the seizure of those materials. And the district court dismissed his 60-1501 actions. This panel affirmed the district court's rulings in those cases in a consolidated appeal. See *Hernandez v. State* (No. 119,838, this day decided) slip op. at 1 (unpublished opinion) (*Hernandez I*).

In those consolidated cases, Hernandez argued, among other things, that the regulation requiring him to pay postage in conjunction with an administrative review violated the due process protections of the Fourteenth Amendment to the United States Constitution. We rejected that argument. *Hernandez I*, slip op. at 3-4. We presume the

2

reader's familiarity with our discussion in *Hernandez I* and incorporate here our reasoning on that point.

The only factual difference between those cases and this one is the result of the administrative review. Hernandez lost in those reviews, and he prevailed in this one. We fail to see a relevant, let alone determinative, distinction in the constitutional due process analysis, as a result. The modest amount involved, especially coupled with an accommodation for indigent inmates to access the review process without paying postage, does not impose a barrier to being heard at a meaningful time and in a meaningful way consistent with due process requirements. See *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' [Citation omitted.]"); *Taylor v. Kansas Dept. of Health & Environment*, 49 Kan. App. 2d 233, 240, 305 P.3d 729 (2013). Due process protections themselves do not require that nominal costs a party incurs to vindicate a property right or interest necessarily must be reimbursed by the losing party. The Legislature or a governmental agency may by statute or regulation impose a reimbursement requirement, but it is not constitutionally mandated. See *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 562, 565-66, 132 S. Ct. 1997, 182 L. Ed. 2d 903 (2012) (judicial authority to award or deny costs derives from statutory grant); *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 439, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987) (district court authority to award costs to prevailing party fixed by statute or contractual agreement). The absence of any such mandate undercuts Hernandez' claim.

Affirmed.